IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT and SANDRA STEVENS,

                 Plaintiffs,                ORDER

   v.

                                        09-cv-349-slc

CITY OF BELOIT and OFFICER OXENREIDER,

                 Defendants.

---

      Plaintiffs Robert and Sandra Stevens have moved for summary judgment on their claim that defendant Oxenreider violated their Fourth Amendment rights by entering their home without a warrant. Counsel for defendants goofed when they filed their opposition materials by filing proposed findings of fact that did not cite the record as required by the court's summary judgment procedures. When plaintiffs argued in reply that the court should disregard defendants' proposed facts, defendants moved for leave to amend them. In an order dated February 9, 2010, dkt. 25, I granted defendants' motion but awarded fees to plaintiffs for anything they would have to redo in response to the amended facts. Now before the court are plaintiffs' itemization of fees and defendants' objections. *See* dkt. 28 and 29.

      Plaintiffs claim $2404.50 in costs and fees. That breaks down to 9 ½ hours of the third-year associate's time (at $225/hr) and .6 hours of the partner's time (at $455/hr). In opposition to plaintiffs' itemization, defendants have filed an 11-page brief and a supporting affidavit, which may have cost defendants as much to draft as the fees claimed by plaintiffs. *Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1076 (7th Cir. 2004) (observing that fee objection was "excruciatingly detailed" and suggesting that "[t]he amount of time and money that went into its preparation and would be incurred in adjudicating its accuracy probably exceeds the potential excesses that it identifies"). Then again, lawyers often treat fee shifting requests like ransom demands from Barbary pirates: millions for defense, not one cent in tribute.

In any event, the general rule from *Taco Bell*, 388 F.3d at 1075-76, is that courts should not engage in "painstaking judicial review" of fees because lawyers have their own incentives for keeping costs down, most notably that they generally do not know when doing the work whether they will be able to shift costs to the other party. That incentive exists in this situation because I approved costs only for work that could not be reused from the original materials, not for any new matters plaintiffs wished to raise.

That said, I agree with defendants that plaintiffs' request is high, both in terms of time spent and the hourly rate claimed, *e.g.*, *Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 660 (7th Cir. 2007) (approving similar rates for *Chicago* lawyers in civil rights case), and plaintiffs have not attempted to show that the rates are consistent with community standards, *e.g.*, *Gastineau v. Wright*, 592 F.3d 747, 749 (7th Cir. 2010) (reducing rate from $250/hr to $150/hr due to lawyer's lack of experience and failure to justify rate). Accordingly, to avoid further expenditure of time or energy on this issue, I will reduce the fee request by 20% to $1923.60

ORDER

IT IS ORDERED that the fee request submitted by plaintiffs, dkt. 28, is GRANTED in part. Plaintiffs are AWARDED $1923.60 in fees from defendants, payable not later than April 2, 2010.

Entered this 2nd day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge